IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM MORGAN, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: CIV-25-36-JFH-GLJ |
| IMANI EXPRESS, LLC, | ) | |
| a Foreign Corporation; | ) | |
| MUEZ GEBREHIWOT HAGDU, | ) | |
| an Individual. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO COMPEL OF DEFENDANT IMANI EXPRESS, LLC

Defendant Imani Express, LLC, pursuant to Fed. R. Civ. P. 37(a) and LCvR 7.1(f), respectfully requests that this Court enter an Order compelling Plaintiff William Morgan ("Plaintiff") to provide a complete disclosure of his non-retained experts consistent with Fed. R. Civ. P. 26(a)(2)(C) and supplemental discovery responses as more fully set forth herein. The undersigned advises the Court that counsel for the Parties have conferred in accordance with the requirements of LCvR 7.1(f) and attempted to resolve this dispute, yet no resolution has been reached.

## INTRODUCTION

This is an auto negligence lawsuit arising out of a September 17, 2024 collision between Plaintiff William Morgan, non-party Benjamin Wilhite, and the Defendant, Muez Hadgu, who was driving his own truck under Defendant Imani Express, LLC's DOT Authority at all relevant times. Defendants have recently admitted liability for causing the

subject collision. Plaintiff seeks damages for personal injuries, as well as punitive damages, from both Defendants. Specifically, Plaintiff claims that the subject collision caused injuries to his left shoulder, bilateral hips, and back. In support of these claims, Plaintiff has provided medical records and a list of his treating providers. However, Plaintiff refuses to provide any specific details regarding the nature and extent of his claimed injuries other than generally referring Defendants to his medical records. Moreover, Plaintiff also refuses to provide a complete disclosure as to the opinions of his non-retained expert treating physicians. Defense counsel have made a significant effort to obtain the requested information without the need for Court intervention, but to no avail. Defendants seek the requested information in order to prepare this case for trial and to avoid unnecessary litigation expenses, such as deposing six or seven treating medical providers just to learn which of those providers have opinions beyond what is contained in their contemporaneously generated medical records.

## STATEMENT OF FACTS

1.     The subject collision occurred on September 17, 2024 and Plaintiff filed his Complaint less than five months later on February 6, 2025.  *See* Doc. 2, Complaint.

2.     On April 25, 2025 Defendants received Plaintiff's Initial Disclosures. In the section outlining a computation of damages and supporting documents bearing on the nature and extent of injuries suffered, Plaintiff states that he is seeking damages for medical expenses, pain and suffering, disfigurement, lost wages, and punitive damages. However, Plaintiff did not provide a *computation* of these damages, relying on multiple cases in

2

support of his position that a computation of damages is not required. Ex. 1, Plaintiff's Initial Disclosures.

3.      On July 16, 2025, Defendant Imani served its first Interrogatories and Requests for Production to Plaintiff, and Plaintiff responded on August 29, 2025. Ex. 2, Plaintiff's Responses to Defendant Imani's First Discovery.

4.      On August 13, 2025, Plaintiff also provided his expert identification in which he lists economist Dr. William Clark, and seven (7) treating medical providers designated as non-retained treating experts. Ex. 3, Plaintiff's List of Expert Witnesses in Chief.

5.      On August 15, 2025, Defense counsel emailed Plaintiff's counsel asking, among other things, for Plaintiff to provide a summary of the facts and opinions to which each witness will testify so that Defendants could determine which of these non-retained experts should be deposed:

> *Fed. R. Civ. P. 26(a)(2)(C) requires that if a witness is not required to submit a written report, the disclosure must include: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.* ***I will need a summary of the facts and opinions pertaining [to] the future medical care and clarification as to the specific scope of testimony for each of these providers so we can determine which ones need to be deposed.*** *For example, Dr. Cross is a radiologist. I would not expect that he will offer opinions about future medical care or the cost of the same. Please advise at your earliest convenience.*

Ex. 4, Email to Mr. Smolen dated August 15, 2025.

6.      The undersigned sent follow up communications to Plaintiff's counsel on August 26 and September 10, 2025. Ex. 5, Email to Mr. Smolen dated August 26, 2025; Ex. 6, Email to Mr. Smolen dated September 10, 2025.

7.     On September 23, 2025, the undersigned sent a formal letter to Plaintiff's counsel requesting supplementation of Plaintiff's discovery responses. The letter requested supplementation of multiple discovery requests, such as

      a. Interrogatory 11 asking for all scars, disfigurements, disabilities and discomforts sustained as a result of the collision for a better understanding of Plaintiff's claimed injuries;

      b. Plaintiff's computation of damages and further information regarding Plaintiff's newly-disclosed claim for damages for loss of use of his vehicle following the collision;

      c. Yet another (the fourth) request for further information regarding the scope of Plaintiff's non-retained treating physicians.

Ex. 7, Letter to Mr. Smolen dated September 23, 2025.

8.     On October 3, 2025 the parties conducted a meet-and-confer regarding these issues. Plaintiff's counsel offered general descriptions of the testimony of Plaintiff's non-retained treating experts, i.e. what body parts they treated, their specialties, when they treated Plaintiff, etc. However, Defendant is still without a summary of the facts and opinions pertaining to their care, including which providers will offer opinions about future medical care and the cost thereof. This information is of particular importance because it is needed to evaluate which physicians and medical providers should be deposed.

9.     Plaintiff has since supplemented his responses to certain discovery requests, but still has not provided a computation of damages, a description of Plaintiff's specific

claimed injuries, and a summary of the facts and opinions to which his treating providers

will testify.

10.    The requested information is needed in order for Defendants to prepare this

matter for trial, to make decisions about discovery depositions, and to evaluate this matter

for possible resolution.

## ARGUMENTS AND AUTHORITIES

### I.    Disclosures Required Pursuant to Rule 26

Fed. R. Civ. P. 26 requires certain disclosures both at the outset of litigation and as

discovery progresses. Defendants' need for supplementation is largely governed by this

Rule. First, Rule 26 requires a computation of damages, independent of any discovery

requests propounded by Defendant.

> **1)** *Initial Disclosure.*
>    **(A)** *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise
> stipulated or ordered by the court, a party must, without awaiting a discovery
> request, provide to the other parties:
> [...]
>
>    **(iii)** a computation of each category of damages claimed by the
>    disclosing party--who must also make available for inspection and
>    copying as under Rule 34 the documents or other evidentiary material,
>    unless privileged or protected from disclosure, on which each
>    computation is based, including materials bearing on the nature and
>    extent of injuries suffered

Fed. R. Civ. P. 26(a)(1)(A)(iii). Additionally, Fed. R. Civ. P. 26(a)(1)(E) states plainly that

"[a] party is not excused from making its disclosures because it has not fully investigated

the case[.]"

A "reasonable computation of damages is necessary to adequately plan and prepare

for trial" and a defendant should not be expected "to go into trial blind as to the damages

claim of the plaintiff." *Shoffner v. Qwest Commc'ns Corp.*, No. 4:01-CV-54, 2014 WL 3495175, at *11 (E.D. Tenn. 2014). And, "[w]hile a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011). Under this guidance, it is clear that Plaintiff must provide the requested computation of damages.

Moreover, though Plaintiff may amend his response as he gathers more information, wholly failing to provide any sort of information regarding damages computation does not meet his (low) burden at the instant stage of the case. *See Jackson*, 278 F.R.D. at 593; *See Big Lots Stores, Inc. v. Luv N' Care, Ltd.*, 302 F. App'x 423, 429-30 (6th Cir. 2008) ("failure to investigate fully is not an excuse to fail to disclose."). Plaintiff must provide a computation of damages as required by Rule 26. Not only is the requested information specifically required to be disclosed by Rule 26, it is also clearly relevant to Plaintiff's claimed injuries and damages. For these reasons, Plaintiff's computation of damages should be compelled.

Rule 26 also governs expert disclosures:

 **(2)** *Disclosure of Expert Testimony***.**
    **(A)** *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of ***any witness*** it may use at trial ***to present evidence under Federal Rule of Evidence 702***, 703, or 705.
    **(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report[...] if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. [...]

  **(C)** *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, ***this disclosure must state***:

        **(i)** the ***subject matter*** on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

        **(ii)** a ***summary of the facts and opinions*** to which the witness is expected to testify.

  **(D)** *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders.

Fed. R. Civ. P. 26(a)(2)(emphasis added).

"[A] treating physician's opinions need only satisfy two requirements to avoid the sweep of Rule 26(a)(2)(B): (1) they 'must have been determined at the time of treatment' based on the physician' personal knowledge; and (2) they must be properly disclosed under Rule 26(a)(2)(C)." *Masters v. Safeco Ins. Co. of Am.*, No. 20-CV-00631-PAB-NRN, 2021 WL 4317112, at *12 (D. Colo. Sept. 23, 2021).

Oklahoma Federal Courts have consistently ruled that non-retained treating medical providers, while not required to give written reports, must provide disclosures of the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. *Ingram v. Novartis Pharms. Corp.*, 282 F.R.D. 563, 565 (W.D. Okla. 2012), *order clarified on reconsideration* (June 29, 2012). "Again, mere reference to unspecified testimony is insufficient under this standard." *Id*. *See also Miller v. Lastra*, No. CIV-20-907-J, 2022 WL 5245265, at *1–2 (W.D. Okla. Feb. 4, 2022); *CMI Roadbuilding, Inc. v. SpecSys, Inc*., No. CIV-18-1245-G, 2021 WL 2188245, at *2 (W.D. Okla. May 28, 2021); *Armer v. Golden Corral Corp*., No. CIV-12-1351-M, 2013 WL 12171159, at *2 (W.D. Okla. Aug. 28, 2013) ("treating physicians are

not ordinarily required to file expert reports and instead, must comply with Rule 26(a)(2)(C)'s disclosure requirements").

Similarly, in *Harp v. Garland*, Plaintiff's Expert Disclosures listed a Licensed Professional Counselor, Plaintiff's previous mental health care provider, as a non-retained expert witness. No. CIV-19-1138-G, 2022 WL 16641838, at *1 (W.D. Okla. Nov. 2, 2022). Defendant filed a Motion in Limine seeking to limit the LPC's testimony to that of a fact witness. *Id*. The Court acknowledged that non-retained experts, such as treating medical providers, need not provide an expert report, but went on to state that non-retained expert witnesses ***must*** disclose the subject matter on which the witness is expected to present evidence under FRE 702, 703, or 705; and a summary of the facts and opinions upon which they would testify. *Id*. The Court went on to explain that, "[a]t a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the [non-retained] expert." *Id citing to Thornton v. Barrett*, No. CIV-19-1003-SLP, 2020 WL 12787579, at *1 (W.D. Okla. Dec. 11, 2020); *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. 2014)(internal quotations admitted). The Court noted that Defendant did not raise its objection to the sufficiency of the summary of the LPC's disclosure until the eve of trial, nor did the Defendant depose the LPC or otherwise request additional details about her expected testimony in the months following disclosure of the LPC as a non-retained expert witness. *Id.* The Court ultimately held that the LPC could testify as a non-retained expert witness, but her testimony would be limited to those facts and opinions which were "plainly foreseeable" based on Plaintiff's Expert Disclosures. *Id*. Here, Defendants are attempting to avoid waiting until

the eve of trial to raise these concerns as was done in *Harp*. This is particularly important where, as here, there are several potential non-retained experts to be deposed rather than the one provider at issue in *Harp*. Defendants should not have to depose every single one of Plaintiff's medical providers in order to learn which of those providers will offer testimony beyond the facts disclosed during care and treatment of the patient.

Here, Plaintiff's List of Expert Witnesses in Chief (Ex. 3), provides the exact same generic description of the proposed testimony of Plaintiff's medical provider witnesses. Each witness will purportedly testify "regarding causation, damages, and future medical treatment consistent with his observations and treatment as set forth in [their] medical records." A similar description was provided in Plaintiff's Answer to Defendant Imani's Answers to Interrogatory No. 15, along with a statement to "[p]lease see corresponding medical records for specifics." (Ex. 2, p. 9). However, statements that an expert's proposed testimony will be consistent with the Plaintiff's medical records is not enough. *Chambers v. Fike*, No. 13-1410-RDR, 2014 WL 3565481, at \*7 (D. Kan. July 18, 2014). *See also Kuznetsov v. Long*, No. CV 18-681 GJF/KK, 2020 WL 8812852, at \*1 (D.N.M. Aug. 3, 2020) (Ordering Plaintiff to supplement disclosures for non-retained medical experts, by including a summary of their facts and opinions, "with such summaries being *tailored* to each witness[]" and further ordering that opinions about causation or future medical treatment should be disclosed in boldface in Plaintiff's supplemental disclosures.) Disclosures of non-retained treating providers should provide sufficient information to put Defendant on notice regarding the scope of the expert's opinions and the bases for their opinions. *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277,

at *3 (D. Kan. Aug. 12, 2014)("The disclosures need to be more specific with regard to why the treating physicians believe that the defendants' conduct caused their patients' conditions to worsen and how their patients' conditions worsened as a result of the defendants' actions. The addition of this information would put defendants on notice regarding the basis for this line of anticipated testimony.").

Further, Fed. R. Civ. P. 37(c) is clear about the consequences of failing to disclose Fed. R. Evid. 702 opinions:

> *Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.**

Here, Defendants seek <u>meaningful</u> expert disclosures for Plaintiff's treating providers in order to determine which of those providers should be deposed. At present, Defendants will be forced to take on the significant time and expense[1] of deposing all seven (7) of Plaintiff's non-retained experts just to find out what their opinions are. This is not only costly and time-consuming, but it is also unnecessary if Plaintiff will simply provide complaint disclosures as Defendants have been requesting for three (3) months now.

---

[1] See, e.g., *Grant v. Otis Elevator Co.,* 199 F.R.D. 673, 676 (N.D. Okla. 2001)(Concluding that that treating physicians who testify under Fed.R.Evid. 702 as to their diagnoses, treatment and prognoses of the patient are 26(b)(4)(C) experts, and are thus entitled to a reasonable fee.)

## II.    Supplementation of Answers to Interrogatories

In its Interrogatory No. 11 to Plaintiff, Defendant Imani asked Plaintiff to identify all scars, disfigurements, disabilities and discomforts sustained as a result of the collision. In response, Plaintiff objected and provided no substantive answer to this request:

> **INTERROGATORY NO. 11.**    Identify and describe all permanent scars, disfigurements, disabilities and discomforts sustained by you, which you claim are a result of the subject accident.
>
> **ANSWER TO INTERROGATORY NO. 11:** OBJECTION. Plaintiff objects to this Interrogatory on the grounds that it is vague, overly broad, and unduly burdensome to Plaintiff in that it requires Plaintiff list each and every "permanent scar[s], disfigurement[s], disability[ies], and discomfort[s]" sustained as a result of the subject accident when the same is better suited for Plaintiff's deposition testimony and/or contained within Plaintiff's medical records.

Ex. 2, Plaintiff's Answers to Defendant Imani's Interrogatories, p. 6. Plaintiff's objections to this request are not reasonable. The request is not vague or overly broad. Furthermore, it is not "unduly burdensome" to ask a Plaintiff to disclose their claimed injuries in a personal injury lawsuit. Such objections must specify exactly what about them is so vague, overly broad, or unduly burdensome. *See, e.g. Eiklor v. Lowe's Home Centers, LLC*, No. 221CV05082GRBJMW, 2022 WL 16834574, at *1 (E.D.N.Y. Nov. 9, 2022)("The timeworn phrases of overbroad, undue burden, vague and ambiguous are not a safe harbor [...]. Rather, those objections – if genuine – must be supported by a degree of specificity as to *why* they might be overbroad, an undue burden, vague or ambiguous.").

11

Plaintiff's objection that the requested information is "better suited for Plaintiff's deposition testimony" is likewise improper. First, Plaintiff provides no explanation for why this simple interrogatory is better suited for deposition. *Wolterstorff v. Quiros*, No. 3:23-CV-1111 (VAB), 2025 WL 2300766, at *3 (D. Conn. Aug. 8, 2025). In any event, "[a]bsent a court order providing otherwise or a binding stipulation, Rule 26(d)(2)(A) generally dictates that [a litigant] may seek information through an interrogatory even if [their opponent] believes the subject matter would be better explored through a deposition." *Heller v. City of Dallas*, 303 F.R.D. 466, 493 (N.D. Tex. 2014) *citing to Southern Filter Media, LLC v. Halter,* Civ. A. No. 13–116–JJB–RLB, 2014 WL 715727, at *3 (M.D.La. Feb. 21, 2014); *Archie v. Frank Cockrell Body Shop, Inc.,* Civ. A. No. 12–0046–CG–M, 2012 WL 4211080, at *2 n. 2 (S.D.Ala. Sept. 17, 2012) ("A litigant may not treat a set of interrogatories like an a la carte menu and determine for itself which requests to honor and which to ignore."). *See also Jeanty v. Bagley*, No. 6:22-CV-00319 (BKS/TWD), 2025 WL 892691, at *7 (N.D.N.Y. Mar. 24, 2025)(finding a response that questions were better suited for a deposition to be insufficient, and noting that Defendant is entitled to information that forms the basis of a Plaintiff's claim); *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255-L, 2018 WL 3548866, at *11 (N.D. Tex. July 24, 2018)(finding that detailed information sought by Defendants in discovery was not so much better suited to deposition testimony that the Plaintiff should be excused from fully answering the interrogatory).

In addition to Plaintiff's other boilerplate objections, his reference generally to his own medical records is also not sufficient:

> Because Plaintiffs' medical records are not their own business records, Rule 33(d) does not apply. Plaintiffs may not respond to the interrogatories at issue by referencing their medical records. (And even if Rule 33(d) applied, Plaintiffs' interrogatory responses fail to "specify[ ] the records that must be reviewed" as the rule requires—the responses contain no reference to medical records.)

*Kaveh v. Starbucks Corp.*, No. 2:24-CV-00291, 2025 WL 2819359, at *2 (D. Utah Oct. 3, 2025). Plaintiff should be compelled to answer Defendant Imani's Interrogatory 11 asking Plaintiff to identify the nature and extent of his claimed personal injuries with sufficient detail so that Defendants can tailor their remaining discovery accordingly.

## CONCLUSION

Defendant seeks basic information regarding Plaintiff's damages – a topic which should not be controversial considering the nature of Plaintiff's claims herein.  To recap, Defendant seeks an order compelling Plaintiff to (1) provide a computation of damages; (2) appropriate and complete disclosures of Plaintiff's non-retained treating physicians; and (3) a complete response to Defendant Imani's Interrogatory 11 asking Plaintiff to identify all scars, disfigurements, disabilities and discomforts sustained as a result of the collision. Not only do the Federal Rules require disclosure of such information, but it should not be difficult or burdensome for Plaintiff to provide straightforward information regarding Plaintiff's damages and the support for such damages.

WHEREFORE, Defendant Imani Express, LLC hereby seeks an Order compelling Plaintiff to provide the information requested herein, and for any further relief that the Court determines to be proper under the circumstances.

Respectfully Submitted,

 s/ Hailey M. Hopper
Hailey M. Hopper, OBA #31093
Jason E. Marshall, OBA #30156
PIERCE COUCH HENDRICKSON
   BAYSINGER & GREEN, L.L.P.
1109 North Francis / P.O. Box 26350
Oklahoma City, OK  73126-0350
405-235-1611 – Phone
405-235-2904 – Fax
hhopper@piercecouch.com
jmarshall@piercecouch.com
***Attorneys for Defendants Imani Express,***
***LLC and Muez Gebrehiwot Hadgu***

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2025, I electronically transmitted the above document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Donald E. Smolen, II
Smolen | Law, PLLC
611 S. Detroit Avenue
Tulsa, OK  74120
don@smolenlaw.com
***Attorney for Plaintiff***
***William Morgan***

s/ Hailey M. Hopper
Hailey M. Hopper

14