IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM MORGAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 25-CV-36-JFH-GLJ |
| IMANI EXPRESS, LLC, and MUEZ GEBREHIWOT HAGDU, | ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff's Motion to Compel [Docket No. 44] and Motion to Compel of Defendant Imani Express, LLC [Docket No. 54]. This action involved a vehicle accident between Plaintiff and Defendant Hagdu while employed by Defendant Imani Express. On May 30, 2025, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72 [Docket No. 29]. A hearing on the Motions was conducted on December 10, 2025 [Docket No. 60]. For the reasons set forth below, Plaintiff's Motion to Compel [Docket No. 54] is GRANTED IN PART and DENIED IN PART and Motion to Compel of Defendant Imani Express, LLC [Docket No. 54] is GRANTED.

**Analysis**

I. **Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides as follows:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

> case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The scope of discovery under Rule 26(b)(1) is broad, but it "is not without limits and the trial court is given wide discretion in balancing the needs and rights" of the parties. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal quotation marks omitted). In other words, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *LoganTree LP v. Garmin International, Inc.*, 339 F.R.D. 171110 Fed.R.Serv.3d 538 (D. Kan. (2021) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under [Rule] 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). But "when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Id*.

## II.     Plaintiff's Motion to Compel

### A. Discovery Requests to Defendant Hagdu

Plaintiff served requests for interrogatories and production of documents on Hagdu. Plaintiff moves to compel the following answers to interrogatories and production of documents.

Plaintiff seeks information regarding Hagdu's moving violation and accident history. Interrogatory Nos. 7, 12, and 13. Although Hagdu provided some responsive information, during his deposition he indicated other information existed and it would be provided. To date, however, such information has not been provided. Hagdu is ordered to supplement his responses to Interrogatory Nos. 7, 12, and 13 to provide all responsive information in his possession, custody or control.

Plaintiff seeks additional information regarding Hagdu's claim that the truck brakes malfunctioned. Interrogatory No. 15. Hagdu did not provide information specific to when he noticed the brake malfunction and how such malfunction contributed to the accident. At the hearing, Hagdu's counsel represented that it has served a subpoena for records from the service center that examined the truck after the accident and provided maintenance. At the hearing, counsel represented that although the truck service provider had not timely responded to the subpoena, it had taken no action to enforce its subpoena and secure the relevant documents. Hagdu is ordered to promptly take all necessary action to enforce its subpoena and to produce all records related to the relevant truck it obtains from the truck service provider.

Plaintiff seeks all facts supporting each of Hagdu's affirmative defenses. Interrogatory No. 21. Hagdu objects that such information is an improper contention interrogatory. Such objection is overruled and Hagdu is ordered to provide a summary of the facts in his possession at this time supporting each affirmative defense asserted.

Lastly, Plaintiff moved to compel the production of copies of Hagdu's personal and commercial driver's licenses. Request for Production No. 13. At the hearing, Hagdu's counsel represented such documents had been produced. Therefore, this request is denied as moot.

B. *Discovery Requests to Defendant Imani Express*

Plaintiff served requests for interrogatories and production of documents on Imani. Plaintiff moves to compel the following answers to interrogatories and production of documents.

Plaintiff seeks information regarding the ownership of the truck and trailer. Interrogatory No. 1 and Request for Production No. 20. Defendant responded that the truck is owned by Hagdu and the trailer is owned by Amazon Logistics. Plaintiff claims this information is inconsistent with other information and/or documents produced in the case. Plaintiff deposed both Hagdu and the Imani corporate representative. At the hearing, it was represented that the ownership issue was explored extensively during these depositions. Plaintiff argues that there are additional documents identified during the depositions that have not been produced. Both Hagdu and Imani are ordered to produce all relevant documents regarding the ownership of the truck and trailer, including any titles,

all purchase and finance related documents, and any lease agreements between Hagdu and Imani.

Plaintiff seeks the dispatch history for September 17, 2024. Interrogatory No. 8. Defendant produced some information regarding departure and intended destination, and Hagdu's log records for that day. Plaintiff argues there are records associated with an Amazon Logistics platform through which loads are obtained and/or assigned by companies like Imani. Imani is ordered to produce all responsive documents within its possession, custody or control related to the dispatch of Hagdu on September 17, 2024, including all information regarding Amazon Logistics' assignment of the relevant load and related information.

Plaintiff seeks the identification of any claims of mechanical failure related to the accident. Interrogatory No. 9. Defendant provided some limited information and represented at the hearing that it subpoenaed the truck service provider but has not yet received documents. Imani is ordered to promptly take all necessary action to enforce its subpoena and to produce all records related to the relevant truck it obtains from the truck service provider.

Plaintiff seeks information regarding how Hagdu's pay was calculated by Imani. Interrogatory No. 18. Defendant objects to the interrogatory as irrelevant and not proportional. Such information is relevant to issues related to potential punitive damages. Therefore, Imani is ordered to produce responsive information.

Plaintiff seeks all facts supporting each of Imani's affirmative defenses. Interrogatory No. 22. Imani objects that such information is an improper contention

interrogatory. Such objection is overruled, and Imani is ordered to provide a summary of the facts in his possession at this time supporting each affirmative defense asserted.

Plaintiff seeks documents related to various records Imani must or should maintain regarding Hagdu, including Hagdu's driver qualification file and personnel file. Request for Production Nos. 2-4. Such records are relevant, and Imani is ordered to produce all responsive documents within its possession, custody or control.

Plaintiff seeks all driver daily vehicle condition reports for the truck and trailer from January 1, 2024 through September 17, 2024. Request for Production No. 13. Although Imani responded it had no such documents, its corporate representative testified that it had responsive records in its possession. Therefore, Imani is ordered to produce all responsive documents in its possession, custody or control.

Plaintiff seeks documents related to all other accidents involving any Imani vehicle for the past five years. Request for Production No. 18. Defendant objected as irrelevant and not proportional because Hagdu was not driving an Imani vehicle during the subject accident. The objection is overruled, and Imani is ordered to produce any documents in its possession, custody or control regarding any accident since 2020 involving any truck driven by anyone employed by or under contract with Imani.

Plaintiff seeks the production of Hagdu's medical records, physical, prescription medications, alcohol/drug test results, and medical records related to the accident on September 17, 2024. Request for Production Nos. 22-24. Imani produced some records, but Plaintiff believes the production to be incomplete. To the extent not already produced,

Imani is ordered to produce all medical records regarding Hagdu in its possession, custody or control. Because Request for Production No. 25 would not cover any relevant records not otherwise covered by the other document requests, the motion to compel as to Request for Production No. 25 is denied.

Plaintiff seeks documents regarding gross revenues, profit, tax returns and financial statements of Imani from 2022 to the present. Request for Production No. 27. Defendant objects to the request as overly broad, seeking private financial information and that it should not be subject to such discovery until Plaintiff's request for punitive damages survives summary judgment. Because Plaintiff alleges a claim for punitive damages and there is a protective order in place to protect the confidential nature of the requested documents, Imani is ordered to produce all responsive documents within its possession, custody or control.

### III.    Defendant Imani's Motion to Compel

*1. Timeliness of Defendant's Motion to Compel*

Before addressing the substance of Defendant Imani's motion, it is first necessary to address Plaintiff's general objection to the motion as untimely. Plaintiff argues that even though the discovery deadline was October 10, 2025, Imani did not file its motion until November 18, 2025, and its motion should be denied on that basis. Plaintiff notes that even though his initial disclosures were served on April 25, 2025 and non-retained expert disclosures and discovery responses were served in August 2025, Imani did not file its motion to compel until nearly six weeks after the close of discovery. Imani noted at the

hearing, however, that Plaintiff filed his motion to compel on October 15, 2025, which was also after the close of discovery.

When evaluating the timeliness of a motion to compel, the court considers eight factors: 1) the length of time since expiration of the discovery deadline; 2) the length of time the moving party has known about the discovery; 3) whether the discovery deadline has been extended; 4) the explanation for the tardiness or delay; 5) whether dispositive motions have been scheduled or filed; 6) the age of the case; 7) any prejudice to the party from whom discovery is sought; and 8) disruption of the Court's schedule. *Herndon v. City of Henderson*, 507 F. Supp.3d 1243, 1247-48 (D. Nev. 2020).

After considering the factors outlined above, issues set forth in the pleadings and raised at the hearing, the undersigned Magistrate Judge does not find that Imani unduly delayed filing its motion to compel. While Imani delayed its pursuit of the discovery sought in its motion to compel, there is no prejudice to Plaintiff, the length of time between the close of discovery and the motion was not exceptionally long, there are unresolved issues regarding potentially adding a new defendant, and there is no trial date set in this case. Moreover, neither party filed their respective motion to compel before the discovery deadline. Nonetheless, parties are reminded that any delay in resolving any future discovery dispute runs a serious risk of waiving such complaint and parties cannot be assured the Court will be so tolerant in the future.

  2. *Damage Computation*

Imani seeks to compel Plaintiff to supplement his initial disclosures and to provide a computation of each category of his damages. Plaintiff responds by stating he is seeking

previously incurred medical bills and future medical expenses in undisclosed amounts and that his damages for mental, physical and emotional pain and suffering are vague and unspecific and are not readily amendable to computation.  *See* Docket No. 41, Ex. 1 at p.3. to respond to Interrogatory No. 11.

Rule 26(a) is clear that as part of a party's initial disclosures, it must provide "a computation of each category of damages claimed by the disclosing party – who must make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  Fed. R. Civ. P. 26(a)(1)(A)(iii).  Moreover, Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(4).

"With respect to non-economic damages, although a plaintiff may be unable to 'precisely explain his quantification . . . the plaintiff is required to provide specific amounts of compensatory and punitive damages he seeks.'"  *Lucas v. Transamerica Life Ins. Co.*, 2011 WL 5148883, at *2 (E.D. Ky. Oct. 21, 2011) (quoting *Richardson v. Rock City Mechanical Co.*, 2010 WL 711830 (M.D. Tenn. Nov. 2, 2006)).  "[T]he purpose of Rule 26 is to 'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement.'"  *McKinney v. Reassure Am. Life Ins. Co.*, 2005 WL 3228791, at *1 (E.D. Okla. Nov. 2, 2006) (quoting *Sender v. Mann*, 225 F.R.D., 645, 650 (D. Colo. 2004)).  "Counsel who make the mistake of treating Rule 26(a)(1) disclosures as a technical formality, rather than as an efficient start to

discovery, do their clients no service and necessarily risk the imposition of sanctions.'" *Id*. at *2 (quoting *Sender*, 225 F.R.D. at 650). Indeed, in *McKinney*, the court specifically held that a disclosed range of emotional distress damages of $500,000 to $2 million was inadequate and noted "in a personal injury case, the nature and extent of any injuries suffered must be disclosed, including amounts claimed for 'general' damages (pain, suffering or disfigurement) as well as 'special' damages (medical bills, lost wages, cost or repairing damaged property, etc.)." *Id*. at *1 & *2 (quoting *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003)).

Plaintiff's failure to disclose any computation of damages by any category fails to comply with his disclosure obligations under Rule 26(a)(1)(A). Therefore, Plaintiff is ordered to supplement his disclosures and provide a computation of damages by each category consistent with Rule 26 and this Order.

### 3. Non-Retained Expert Disclosure

Imani seeks an order that Plaintiff supplement his expert witness disclosures, specifically that he provide meaningful disclosures for his seven non-retained treating physicians. For each treating physician, Plaintiff stated that each would testify "regarding causation, damages, and future medical treatment consistent with his observations and treatment as set forth in his medical records." *See* Docket No. 43, Ex. 3. Imani represented at the hearing that it believes all relevant medical records have been produced.

Rule 26(a)(2)(C) requires that although a non-retained expert need not provide a written report, the disclosing party must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii)

a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i) & (ii). Plaintiff "cannot satisfy its obligation under Rule 26(a)(2)(C) 'by merely pointing to large swaths of information,' like general references to documents." *Roof Rehab, LLC v. Travelers Casualty Ins. Co. of America*, 2021 WL 5579053, at * (D. Col. Nov. 30, 2021) (quoting *Green Earth Wellness Ctr. LLC v. Atain Specialty Ins. Co.*, 2016 WL 632051, at *3 (D. Colo. Feb. 17, 2016)). Moreover, "[a] party does not meet its obligation under Rule 26(a)(2)(C)(ii) by merely stating that an expert will testify consistent with certain record documents." *Id*. (citing *Nosewicz v. Janosko*, 2019 WL 4248895, at *6 (D. Colo. Aug. 19, 2019), *report and recommendation adopted*, 2019 WL 4242739 (D. Colo. Sept. 6, 2019) (in case of medical expert, concluding that, while "referring to a physician's medical records is appropriate," it is insufficient to simply state that the witness will testify consistent with the information set out in the records)).

Plaintiff failed to disclose the subject matter to which the non-retained seven treating physicians will testify or provide a summary of the facts and opinions of each physician. Instead, Plaintiff simply referred to the medical records and stated each would testify consistent with such records without more explanation. As such, Plaintiff failed to meet his disclosure obligations under Rule 26(a)(2)(C). Plaintiff is therefore ordered to supplement his expert witness disclosure consistent with Rule 26(a)(2)(C) and this order.

  4.  *Interrogatory No. 11*

Imani seeks to compel Plaintiff to answer Interrogatory No. 11, which asks Plaintiff to "[i]dentify and describe all permanent scars, disfigurements, disabilities and discomforts sustained by you, which you claim are a result of the subject accident." *See* Docket No.

54, p. 11. Plaintiff objected that the interrogatory is vague, overly broad and unduly burdensome because it requires him to list each permanent scar, disfigurement, disability and discomfort caused by the accident. *Id*. Plaintiff's objections are overruled as both improper boilerplate objections and inapplicable to the interrogatory. The interrogatory is specific in the information it seeks and is directly related to Plaintiff's injury claims. Therefore, Plaintiff's objections are overruled, and he is ordered to answer Interrogatory No. 11.

## Conclusion

Accordingly, Plaintiff's Motion to Compel [Docket No. 44] is GRANTED IN PART and DENIED IN PART and Motion to Compel of Defendant Imani Express, LLC [Docket No. 54] is GRANTED. The parties are to promptly, but in no event less than 21 days of the entry of this Order, supplement discovery and produce documents consistent with this Order.

IT IS SO ORDERED this 10th day of December 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**