IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

WILLIAM MORGAN,                  )
                                 )
            Plaintiff,           )
                                 )
      v.                         )      Case No. 25-CV-36-JFH-GLJ
                                 )
MUEZ GEBREHIWOT HADGU,           )
IMANI EXPRESS, LLC,              )
AMAZON.COM SER VICES, LLC,       )
AMAZON LOGISTIC, INC.,           )
                                 )
            Defendants.          )

## ORDER

Before the Court is Plaintiff's Motion to Compel [Docket No. 80]. This action involved a vehicle accident between Plaintiff and Defendant Hadgu while employed by Defendant Imani Express. On May 30, 2025, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72 [Docket No. 29]. For the reasons set forth below, Plaintiff's Motion to Compel [Docket No. 80] is DENIED.

## Background

During this litigation, counsel for Defendants Muez Gebrehiwot Hadgu and Imani Express, LLC (collectively, the "Imani Defendants") engaged a private investigator to surveil Plaintiff. *See* Docket No. 93. The attempted surveillance was unsuccessful in that the private investigator never observed Plaintiff during the surveillance and did not obtain any photographs or videos of him. *Id*., Ex. 1. Nonetheless, the investigator took some photographs or videos, all of which were produced to Plaintiff by the Imani Defendants.

-1-

*Id.* Further, the Imani Defendants represented to Plaintiff that they do not intend to use the video at trial or call their private investigator to testify at trial. *Id.*

Plaintiff seeks to compel the production of all surveillance videos or photographs of Plaintiff taken by private investigators retained by the Imani Defendants. *See* Docket No. 80. Additionally, Plaintiff seeks to compel the Imani Defendants to identify the investigator who surveilled Plaintiff so that he may depose such individual. *Id.*

**Analysis**

Federal Rule of Civil Procedure 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The scope of discovery under Rule 26(b)(1) is broad, but it "is not without limits and the trial court is given wide discretion in balancing the needs and rights" of the parties. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal quotation marks omitted). In other words, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *LoganTree LP v. Garmin International, Inc.*, 339 F.R.D. 171110 Fed.R.Serv.3d 538 (D. Kan. (2021) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).

### 1. Photographs/Videos

Although the Imani Defendants declare that they produced all photographs or videos their investigator took in this case, Plaintiff seeks an order compelling the production of such documents. Plaintiff does not, however, challenge the Imani Defendants' declaration or articulate what if any video in the investigator or the Imani Defendants' possession has not been produced. Based on the Imani Defendants' declaration that all photographs or videos their investigator took during surveillance of Plaintiff has been produced, the motion to compel is deemed moot on this point.

### 2. Identification of Investigator

Plaintiff also seeks to compel the disclosure of the identity of the Imani Defendants' investigator. Plaintiff does not, however, identify where he requested such information. Indeed, a review of the discovery requests in the Motion to Compel does not indicate Plaintiff propounded a discovery request seeking the identity of any investigator. At most, Integratory No. 21 sought the identity of any individual who will provide testimony or support an affirmative defense. *See* Docket No. 80, Ex. 2 at Ex. 2. Because the Imani Defendants affirmatively declare that the investigator will not testify at trial, the identity of such investigatory is not responsive to this interrogatory. Similarly, none of the identified requests for production of documents can reasonably be interpreted as requesting the identity of the investigator. *Id*.

Even if Plaintiff could point to a discovery request seeking the investigator's identity, or they propounded a new request, such request would be futile. Again, because the Imani Defendants affirmatively declare the investigator will not testify and the

surveillance video will not be introduced, the investigator's identity is not relevant under Fed. R. Civ. P. 26.  *See Turner v. Atl. Se. Airlines, Inc.*, 2008 WL 11320105, at *2 (N.D. Ga. Jan. 25, 2008) (if the observations of or evidence gathered by an investigator are not going to be used at trial, there is no need to identify the investigator).

Because the requested information has either already been produced or is not discoverable as irrelevant, the undersigned Magistrate Judges declines to address whether such information is protected as attorney work product or subject to any exception thereto.

### Conclusion

Accordingly, Plaintiff's Motion to Compel [Docket No. 80] is DENIED.

IT IS SO ORDERED this 20th day of March 2026.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**