**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WILLIAM MORGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-36-RAW-GLJ** |
| | ) | |
| **IMANI EXPRESS, LLC, MUEZ** | ) | |
| **GEBREHIWOT HAGDU,** | ) | |
| **AMAZON.COM SERVICES, LLC,** | ) | |
| **and AMAZON LOGISTICS, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is Defendants Amazon.com Services, LLC and Amazon Logistics, Inc.'s Opposed Motion to Stay Discovery as to Them Pending a Decision on Amazon Defendants' Motion to Dismiss and Brief in Support [Docket No. 95]. On May 30, 2025, this matter was referred to the undersigned for all further proceedings in accordance with jurisdiction pursuant to 28 USC § 636 (Docket No. 29). For the reasons set forth herein, Amazon Defendants' Opposed Motion to Stay Discovery as to Them Pending a Decision on Amazon Defendants' Motion to Dismiss and Brief in Support [Docket No. 95] is GRANTED.

### Background

This case arises out of an accident between a semi-truck driven by Muez Gebrehiwot Hagdu while working for Imani Express, LLC with a trailer owned by Amazon.Com Services, LLC or Amazon Logistics, Inc. ("Amazon Defendants") in which Plaintiff

suffered injuries.  Plaintiff originally sued Hagdu and Imani alleging negligence, negligent hiring, training, supervision, retention, maintenance, and negligent entrustment.  On December 23, 2025, Plaintiff filed his Amended Complaint adding the Amazon Defendants and asserting claims for negligence, negligent hiring, training, supervision and retention, negligent maintenance, joint venture, and negligent entrustment.  *See* Docket No. 65. Subsequently, the Amazon Defendants filed their Motion to Dismiss and Brief in Support, arguing, *inter alia*, that the claims against them should be dismissed because they are preempted by the Federal Aviation Authorization Administration Act ("FAAAA") or for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See* Docket No. 94.

The Amazon Defendants seek an order staying discovery against them until the Court rules on their motion to dismiss or, alternatively, staying discovery against them until the U.S. Supreme Court rules in the case of *Montgomery v. Caribe Transp. II, LLC*.  *See* Docket No. 95.  The primary issue in *Montgomery* is whether FAAAA preemption applies to brokers.  *See* Docket No. 105, Ex. 1.  Plaintiff argues the stay should be denied because the Amazon Defendants have not demonstrated good cause and because such a stay would prejudice him.  *See* Docket No. 105.

**Analysis**

### I.      Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for discovery stays like the one the Amazon Defendants seek, however, the court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520

U.S. 681, 706 (1997). Additionally, Federal Rule of Civil Procedure 26(c) allows the court to issue an order protecting a party from discovery that will cause "annoyance, embarrassment, oppression, or undue burden or expense. . . ." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008). "The 'good cause' standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise." *In re Broiler Chicken Grower Litigation*, 2017 WL 3841912, at *2 (E.D. Okla. Sept. 1, 2017) (quoting *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (noting the "underlying principle . . . that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'") (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). "Although it is within a district court's discretion to stay discovery pursuant to Rule 26(c) pending the outcome of a dispositive motion, such stays are not routinely granted by this Court or other district courts within the Tenth Circuit." *Stephenson Oil Co. v. Citgo Petroleum Corp.*, 2008 WL 54412816, at *2 (N.D. Okla. Dec. 30, 2008). *See also Broiler Chicken Grower*, 2017 WL 3841912, at *2 (Blanket discovery stays pending resolution of dispositive motions are rarely appropriate); *TSM Associates, LLC v. Tractor Supply Co.*, 2008 WL 2404818, at *1 (N.D. Okla. June 11, 2008) ("Unless some compelling reason is presented, in the usual case discovery is not stayed as Defendant requests."); *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990) ("The general policy in this district is not to stay discovery even though dispositive motions are pending.").

Such a stay may be appropriate, however, "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted

discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Kutilek*, 132 F.R.D. at 298. "Factors that courts may consider in deciding whether to grant a stay of discovery include: '(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *Stephenson*, 2008 WL 5412816 at *2 (quoting *Schmaltz v. Smithkline Beecham Corp.*, 2008 WL 3845260, at *1 (D. Colo. Aug.15, 2008). The Amazon Defendants, as the parties seeking a stay, bear the burden to make out a "clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [they] pray[ ] will work damage to someone else." *Broiler Chicken Grower*, 2017 WL 3841912, at *2 (quoting *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Landis v. North American Co.*, 299 U.S. 254-55 (1936)).

## II.    Stay Pending Resolution of Motion to Dismiss

### A.  Prejudice to Plaintiff

The Amazon Defendants argue that, because Plaintiff has already completed substantially all discovery of the other defendants, he will suffer no prejudice by the stay. *See* Docket No. 95, pp. 6-7.  The Amazon Defendants further argue that because of its motion to dismiss, Plaintiff will suffer prejudice by conducting unnecessary discovery against them. *Id*.  In response, Plaintiff argues that delaying discovery will further delay

the resolution of the case, which could cause memories to fade or witnesses to become unavailable.  *See* Docket No. 105, p. 4.

Unlike many of the cases cited supporting a stay, in the present case the Amazon Defendants' motion to dismiss will not fully resolve the case but would only resolve the case as to them.  While the Amazon Defendants highlight that they were added to this case nearly a year after the case was initiated, it is not uncommon that additional parties with potential liability are discovered during discovery in a case and subsequently added as defendants.  Nonetheless, Plaintiff fails to identify any specific prejudice he will suffer other than delay.  Thus, while the undersigned finds that Plaintiff will suffer some prejudice if the stay is granted by delaying resolution of the case, it is not significant prejudice.

*B.  Burden on the Amazon Defendants*

The Amazon Defendants argue that they will be substantially prejudiced without the stay because if their motion to dismiss is successful there will be no discovery against them. *See* Docket No. 95, p. 7.  Plaintiff responds that he will conduct discovery against the Amazon Defendants regarding their relationship with the other defendants whether or not the motion to dismiss is granted, and, thus, they will suffer no prejudice if a stay is denied. *See* Docket No. 105, pp. 5-6.

While it may be true that Plaintiff will conduct discovery of the Amazon Defendants irrespective of whether they are party defendants in the case, Plaintiff does not identify what discovery would be relevant if the Amazon Defendants are not parties to the case. Indeed, it is likely the permissible scope of discovery will be much more limited if the

Amazon Defendants are not parties. Thus, the undersigned finds the Amazon Defendants will suffer some burden if a stay is not granted.

### C.  Judicial Economy

The Amazon Defendants argue that a stay will promote judicial economy by avoiding the need to address any discovery disputes while the motion to dismiss is pending. *See* Docket No. 95, p. 8. Moreover, the Amazon Defendants argue that allowing discovery before resolving the motion to dismiss will significantly increase the scope of the case by including the multiple claims against them. *Id*., pp. 8-9. Plaintiff responds that it is in the interest of the Court to keep the litigation moving and to expeditiously resolve the case. *See* Docket No. 105, p. 6.

While the undersigned offers no prediction as to how quickly the motion to dismiss will be addressed, it is unlikely to involve a lengthy delay to the proceedings. Moreover, given the type of claims Plaintiff asserts against the Amazon Defendants, any discovery conducted while such claims are pending could be extensive and likely much more extensive than that permitted against them as non-parties. Thus, this factor weighs in favor of a stay.

### D.    Interests of Non-Parties and the Public

Plaintiff argues that public policy favors expeditious resolution of disputes but offers no specific public interest generally or any non-parties' interest specifically. Again, while the undersigned agrees that public policy favors the timely resolution of disputes, any delay caused by the requested stay is likely to be of relatively short duration and will not significantly impact non-parties' interests or any public policy.

In conclusion, while staying discovery against the Amazon Defendants pending a resolution of their motion to dismiss will cause some limited prejudice to Plaintiff, it is outweighed by the burden the Amazon Defendants will suffer without a stay.

### III.     Stay Pending Resolution of *Montgomery*

The Amazon Defendants seek, in the alternative, a stay of discovery until the U.S. Supreme Court resolves the *Montgomery* case.  *See* Docket No. 95, pp. 9-11.  The Amazon Defendants note that other courts have granted stays pending the resolution of *Montgomery*, which should occur by June 2026.  *Id*.  Plaintiff responds that such a stay would be burdensome on him due to its indefinite nature and because it will not fully resolve his claims against the Amazon Defendants.  *See* Docket No. 105, pp. 7-8.

Whether or not *Montgomery* addresses all the issues raised in the Amazon Defendants' motion to dismiss, it will address the FAAAA preemption issue relating to brokers, which is at issue in this case.  Moreover, such a delay is not indefinite in that the U.S. Supreme Court's term ends in June 2026 so any decision will most likely be issued by then.  Thus, the undersigned agrees that a stay is appropriate until the U.S. Supreme Court resolves *Montgomery* and provides clarity on the FAAAA preemption issue.

### Conclusion

Accordingly, Amazon Defendants' Opposed Motion to Stay Discovery as to Them Pending a Decision on Amazon Defendants' Motion to Dismiss and Brief in Support

[Docket No. 95] is GRANTED and all discovery by or against the Amazon Defendants is stayed until the motion to dismiss [Docket No. 94] is resolved.

IT IS SO ORDERED this 13th day of April 2026.

_____

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**