# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>IMANI EXPRESS, LLC, MUEZ GEBREHIWOT HADGU, AMAZON.COM SERVICES, LLC, and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Case No. CIV-25-036-RAW-GLJ |

## ORDER

Before the court is the Amazon Defendants' Motion to Dismiss [Docket No. 94], United States Magistrate Judge Gerald L. Jackson's Report and Recommendation ("R&R"), recommending that the Motion be granted in part and denied in part [Docket No. 116], Plaintiff's Objection to the R&R [Docket No. 119], and the Amazon Defendants' Response to Plaintiff's Objection [Docket No. 121].[1]

This action arises from a motor vehicle accident that occurred on September 17, 2024. Plaintiff alleges that Defendant Hadgu was driving a tractor-trailer when he rear-ended Plaintiff. Hadgu was driving for Imani, a trucking company. Plaintiff alleges that Imani and Hadgu had

[1] The Amazon Defendants' Motion to Dismiss [Docket No. 94] was filed on February 26, 2026; Plaintiff's Response [Docket No. 103] on March 27, 2026, after Magistrate Judge Jackson granted Plaintiff's Opposed Motion for Extension of Time to Respond; and the Amazon Defendants' Reply [Docket No. 106] on April 6, 2026. On May 14, 2026, in light of the Supreme Court's Decision in *Montgomery v. Caribe Transport II, LLC*, 608 U.S. 219 (May 14, 2026), Magistrate Judge Jackson gave leave for the parties to file a Supplemental Brief addressing the effect of that Decision on this case. Docket No. 109. The parties filed their Supplemental Briefs [Docket Nos. 111 and 112] on May 28, 2026. The court has reviewed the record in this case, including these filings.

entered into an agreement with the Amazon Defendants to haul loads of freight under the "Amazon Relay Program."

Plaintiff filed his Amended Complaint [Docket No. 65] on December 23, 2025,[2] bringing the following claims against the Amazon Defendants:

Count I: negligence / negligence *per se*;
Count II: negligent hiring, training, supervision, and retention;
Count III: negligent maintenance;
Count IV: joint venture;
Count V: negligent entrustment;
Count VI: negligent undertaking; and
Count VII: punitive damages.[3]

First, a little housekeeping. On January 20, 2026, Plaintiff filed his notice of withdrawal of his Count VI – negligent undertaking claim. Docket No. 74. Accordingly, the court need not address that claim further. It is dismissed as to all Defendants. Additionally, in their supplemental brief, the Amazon Defendants agreed that based on the Supreme Court Decision in *Montgomery*, they were no longer seeking to dismiss Count I of the Amended Complaint for negligence / negligence *per se*. Accordingly, the Motion will be denied as to that claim.

The court agrees that the Motion to Dismiss should be granted as to each of Counts II, III, IV, V, and VII. Magistrate Judge Jackson filed a thorough, well-reasoned, and well-supported R&R. As stated below, the court affirms the R&R over Plaintiff's objections.

As to Count II and V – negligent hiring, training, supervision, and retention and negligent entrustment – Magistrate Judge Jackson agrees with the Amazon Defendant's argument in their Motion that Plaintiff failed to allege specific facts supporting plausible claims. Magistrate Judge

---

[2] The case was originally filed on February 6, 2025. The deadline to amend was June 27, 2026. Docket No. 33. On December 22, 2025, Plaintiff filed an Unopposed Motion to Amend his Complaint, attaching his Amended Complaint. Docket No. 63. Magistrate Judge Jackson granted the Motion. Docket No. 64.

[3] Some of these claims are filed "As to All Defendants," and some are filed "As to The Corporate Defendants." The Amazon Defendants are included in both categories.

Jackson opines that, instead, the Amended Complaint sets out generalized facts and conclusory allegations. For example, Plaintiff failed to allege "any specific facts as to what an investigation or background check would have or should have revealed about Imani or Hadgu, what 'dangerous propensities' Hadgu previously exhibited, how Hadgu previously demonstrated any 'propensity to violate safety regulations,' or how they should have known Hadgu was a 'careless, reckless and incompetent' driver." Docket No. 116, at 4-5. Magistrate Judge Jackson notes that this failure is noteworthy given that the discovery Plaintiff received from Imani and Hadgu prior to adding the Amazon Defendants would have revealed such specific facts, yet Plaintiff did not include those specific facts in his Amended Complaint.

Plaintiff argues that he did not include Hadgu's traffic violations "because it is not necessary to meet the pleading requirements under *Twombly*." Docket No. 119, at 8. He then cuts and pastes a portion of his Amended Complaint into his Response before concluding that those allegations "coupled with Mr. Hadgu's driving history showing a propensity for risk, more than meet the *Twombly* requirements for Counts II and V." *Id*. Plaintiff did not allege any specific facts relating to Hadgu's driving history in the Amended Complaint. At this stage, the court evaluates the sufficiency of the allegations in the Amended Complaint. It does not consider the evidence. The court agrees with Magistrate Judge Jackson that the Amended Complaint provides formulaic recitations of the elements without any factual basis on which to rest Plaintiff's claims in Count II and V.

As to Count III, negligent maintenance, Magistrate Judge Jackson again agrees with the Amazon Defendants that the Amended Complaint fails to allege specific facts supporting a plausible claim for negligent maintenance. For example, Plaintiff "fails to allege any specific fact that anything about the tractor or trailer was improperly maintained or serviced, that an

inspection would or should have discovered a defect, or identified any defect that caused or contributed to the accident." *Id*. at 5.

In a one paragraph response to this recommendation, Plaintiff cites Imani's discovery response and concludes that the dismissal of this claim is clearly erroneous and contrary to law. *Id*. at 10. Again, at this stage the court looks to the allegations in the Amended Complaint, not evidence.[4] The court agrees with the R&R that the Amended Complaint provides a formulaic recitation of the elements without any factual basis on which to rest his claim in Count III.

As to Count IV, joint venture, Magistrate Judge Jackson finds *inter alia* that the Amended Complaint fails to allege a joint venture because it does not allege an express or implied agreement to share in profits and losses.[5] As stated in the R&R, a joint venture is not formed when parties come together to perform some part of a project and each party makes a profit. Allegations regarding "Imani and Hadgu's receipt of a percentage of the load compensation for their services is not the same as alleging they shared in the profits and losses of the enterprise." *Id*. at 8.

Plaintiff argues that the R&R issues a summary judgment ruling and that Imani and Hadgu receive a portion of the load payment. This allegation was considered in the R&R. Magistrate Judge Jackson was correct in determining that the Amended Complaint provides only

---

[4] Notably, in the first sentence of the next section, Plaintiff states that the R&R "operates as a summary judgment ruling, rather than a 12(b)(6) analysis. *Id*.

[5] To establish the existence of a joint venture in Oklahoma, Plaintiff must allege: "1) A joint interest in property (the contributions need not be equal or of the same character), 2) [a]n express or implied agreement to share profits and losses of the venture, [and] 3) [a]ction or conduct showing cooperation in the venture." *Le v. Total Quality Logistics, LLC*, 431 P.3d 366, 378 (Okla. Civ. App. 2018). The Oklahoma Supreme Court is "reluctant to find a 'joint interest in party' whenever one party contracts for services with another." *McGee v. Alexander*, 37 P.3d 800, 806 (Okla. 2001).

a formulaic recitation of the elements without any factual basis on which to rest the joint venture claim.

As to Count VII for punitive damages, Magistrate Judge Jackson notes that punitive damages is a remedy for Counts I and VI, not a separate claim for relief and opines that Count VII should be dismissed for failure to state a separate claim. The court agrees. Plaintiff did not respond to this portion of the R&R.

At the conclusion of Plaintiff's Response to the Amazon Defendant's Motion to Dismiss, he requests leave to amend if the court "believes the Amended Complaint needs more facts pleaded." Docket No. 103, at 24. Magistrate Judge Jackson provides a thorough and well-reasoned analysis of this last-minute request. As noted above, the deadline to amend in this case was June 27, 2025. Magistrate Judge Jackson has already allowed Plaintiff to amend out of time. Discovery in this case has been stayed as to the Amazon Defendants pending the ruling on their Motion to Dismiss since April 13, 2026. Docket No. 108. Plaintiff does not argue that he has learned of any new information since the filing of his Amended Complaint out of time. As noted in the R&R, Plaintiff offers no insight into what additional facts he might plead if leave were granted or why those facts were not alleged in the Amended Complaint.

As further noted in the R&R, the missing facts were pointed out in the Amazon Defendant's Motion to Dismiss and are the type of facts necessary to support the claims alleged. Plaintiff could have attached a proposed amended pleading with the missing facts to his Response to the Motion to Dismiss, or better yet, to a separate motion to amend his complaint.

He did not. Rule 7.1(k) requires it.[6] Magistrate Judge Jackson found that Plaintiff has not shown good cause to amend his Amended Complaint.[7]

Plaintiff begins his Objection to the R&R by citing Rule 15(a)(2)'s directive that leave to amend be freely given when justice so requires. He then refers to Magistrate Judge Jackson's application of the good cause standard as "counterintuitive," "retaliatory," "nonsensical," "narrow-minded," and "inappropriate." Docket No. 119, at 2-6.

Plaintiff argues that because he added the Amazon Defendants after the amendment deadline, the deadline should not apply to another amendment. He makes this argument without

---

6 Local Civil Rule 7.1(k) provides in pertinent part that "a motion to amend shall state (1) the deadline established by the scheduling order, if any, (2) whether any party objects to the motion, and (3) the basis for any objection. All motions to amend shall be accompanied by a proposed order submitted pursuant to the ECF Policy Manual which specifically sets forth what is being amended. The movant also shall attach to the motion a copy of the signed, proposed amended pleading." "Moreover, the Tenth Circuit, and this Court in particular, have routinely denied requests that were stated in a Response instead of a separate Motion." *Gomez v. Okmulgee Cnty. Crim. Just. Auth.*, No. 6:22-CV-00322-RAW-DES, 2023 WL 4999861, *7 (Aug. 4, 2023 E.D. Okla.).

7 "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citations omitted). Rule 16(b)(4)'s good cause showing "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Id*. (citation, quotations and bracketing omitted). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Id*.

Rule 16's good cause requirement is "the threshold inquiry" to determine "whether amendments should be allowed after a scheduling order deadline has passed." *Id*. at 1241. Factors to consider include: (1) "the relative diligence of the lawyer . . . who seek[s] the change"; (2) whether "the need for more time was neither foreseeable nor [the movant's] fault"; (3) whether "refusing to grant the continuance would create a substantial risk of unfairness to that party"; and (4) the "possible prejudice to the party opposing the modification." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (citations and quotations omitted).

Rule 15(a)(2) requires the Court to "freely give leave [to amend] when justice so requires." Although amendments should be freely permitted, leave may not be appropriate where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

informing the court of what additional information he has discovered since the court allowed him to file his Amended Complaint out of time and/or why he could not have included the additional facts in his Amended Complaint. Not to encourage Plaintiff's snark, but his argument that the deadline should not apply simply because he was already allowed to file an amendment out of time seems nonsensical. The court agrees with the Amazon Defendants that the fact that Magistrate Judge Jackson "previously determined good cause existed to permit Plaintiff to amend his Complaint to add the Amazon Defendants as parties does not give Plaintiff carte blanche to do so any time he sees fit, or to do so 18 months after filing suit." Docket No. 121, at 4.

Plaintiff goes on to argue that the denial of his request "is particularly concerning considering the two-year statute of limitations has not yet lapsed." Docket No. 119, at 6, n. 5. Based on this statement, it appears Plaintiff believes that scheduling orders have no effect unless and until the statute of limitations has lapsed. Again, this seems nonsensical.

Additionally, Plaintiff submits for the first time, along with his Objection to the R&R, a Second Amended Complaint.[8] As previously noted, Plaintiff provides no reason why he could not have included his proposed amendments in the First Amended Complaint. The court finds that Magistrate Judge Jackson properly applied the good cause standard. Moreover, the court agrees that the need for the specific facts noted by Magistrate Judge Jackson was foreseeable.

The court further finds that allowing Plaintiff to amend at this late date – after the Motion to Dismiss has been fully and supplementally briefed and an R&R has been issued and fully briefed – would unduly prejudice the Amazon Defendants. Finally, the court agrees with the Amazon Defendants that the proposed Second Amended Complaint adding allegations regarding

---

[8] Notably, in this Second Amended Complaint, he attempts to add a new Plaintiff – Ashley Morgan.

the Amazon Relay Program compensation structure and adding a new Plaintiff does not cure the deficiencies. While the new allegations regarding Hadgu's prior driving allegations and Imani's hiring practices may have moved him toward a plausible claim, as the court ruled above, amendment at this late date would unduly prejudice the Amazon Defendants. The request to amend is denied.

The court finds that the R&R is thorough, well-reasoned, and well-supported. Accordingly, the R&R [Docket No. 116] is hereby affirmed and adopted as this court's Findings and Order. The Amazon Defendants' Motion to Dismiss [Docket No. 94] is granted and denied in part. The Motion is denied as to Count I and as to the request to amend. The Motion is granted as to Counts II, III, IV, V, and VII.[9]

**IT IS SO ORDERED** this 6th day of October, 2026.

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES SENIOR DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

[9] As noted above, Plaintiff previously withdrew Count VI – negligent undertaking claim. Docket No. 74.